**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **GEOGRAPHIC LOCATION INNOVATIONS LLC,** | § § § | |
| **Plaintiff,** | § § | **Case No: 6:21-cv-00837** |
| **vs.** | § § | **PATENT CASE** |
| **SOLSTICE MARKETING CONCEPTS, LLC,** | § § § | |
| **Defendant.** | § § § § | |

## COMPLAINT

Plaintiff Geographic Location Innovations LLC ("Plaintiff" or "GLI") files this Complaint against Solstice Marketing Concepts, LLC ("Defendant" or "Solstice") for infringement of United States Patent No. 7,917,285 (hereinafter "the '285 Patent").

## PARTIES AND JURISDICTION

1.      This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3.      Plaintiff is a Texas limited liability company with an address of 1 East Broward Boulevard, Suite 700, Ft. Lauderdale, FL 33301.

4.      On information and belief, Defendant is a Delaware limited liability company with a place of business located at 1200 Morris Tpke., Ste. C242, Short Hills, NJ, 07078-0359. On information and belief, Defendant may be served by way of its registered agent, Paracorp

Incorporated, 2140 S Dupont Hwy, Camden, DE 19934.

5.     On information and belief, this Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in this District, has conducted business in this District, and/or has engaged in continuous and systematic activities in this District.

6.     On information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in this District.

## **VENUE**

7.     On information and belief, venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant is deemed to be a resident of this District.  Alternatively, acts of infringement are occurring in this District and Defendant has a regular and established place of business in this District at, for example, 2901 S. Capital of Texas Highway, #E-6C, Austin, Texas 78746.

## **COUNT I**
## **(INFRINGEMENT OF UNITED STATES PATENT NO. 7,917,285)**

8.     Plaintiff incorporates paragraphs 1 through 7 herein by reference.

9.     This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

10.     Plaintiff is the owner by assignment of the '285 Patent with sole rights to enforce the '044 Patent and sue infringers.

11.     A copy of the '285 Patent, titled "Device, System and Method for Remotely Entering, Storing and Sharing Addresses for a Positional Information Device," is attached hereto as Exhibit A.

12.     The '285 Patent is valid, enforceable, and was duly issued in full compliance with

Title 35 of the United States Code.

13.     On March 29, 2011, the United States Patent & Trademark Office (USPTO) duly and legally issued the '285 Patent.

14.     The '285 Patent teaches a method and apparatus for storing and sharing addresses for a positional information device.  Among other things, the claimed system allows a user to request an address, such as the address for a store, from a server.  The server determines the requested address and transmits it to the positional information device.  The device receives the address and the system determines route guidance to the store address based at least in part on the location of the positional information device.  The server also receives a time and date associated with the address request.

15.     The '285 Patent invention solves problems that existed with then-existing navigation systems associate with having address information loaded onto a positional information device (such as a GPS-equipped mobile phone).  Problems arose due to a number of different factors including: (1) disparate navigational devices; (2) navigational devices that required preprogramming of address information; (3) the use of different vehicles by one or more users all going to the same address; and (4) users needing address information downloaded while driving.  See, '285 Patent Specification, 1:35-2:13.

16.     At the time of the invention claimed in the '285 Patent, telematics enabled a central processing center to provide certain services such as help with directions and tracking stolen vehicles.  Telematics, however, did not provide address downloads and associated route guidance to stores to a user's mobile phone.  The claimed invention provides these features and overcomes problems associated with prior systems.

17.     The '285 Patent is directed to computerized technologies to provide users with

easy access to address downloads and associated route guidance.  Among other things, the '285 Patent claims (in Claim 13 for example), a system for entering location information into a positional information device.  The system includes a server, which is configured to receive an address request, to determine the address of at least one location, and to transmit that address to the positional information device.  The positional information device includes: (1) a location information module for determining the location of the device; (2) a communication module for receiving the information from the server; (3) a processing module for receiving the at least one determined address and for determining route guidance based at least in part on the location of the device; (4) a display module for displaying the route guidance; and (5) a communication network to couple the device to the server.  Collectively, these components operate in a way that was neither generic, nor well-known, at least at the time of the invention.  Moreover, certain individual components (e.g., the processing module and the server) operate in a way that is neither generic nor well-known.

18.   The '285 Patent solves problems with the art that are rooted in computer technology and that are associated with electronic transmission, loading, and storage of location information, as well as automatic provisioning of route guidance. The '285 Patent claims do not merely recite the performance of some business practice known from the pre-Internet world along with the requirement to perform it on the Internet.

19.   The '285 Patent invention includes include software and hardware that do not operate in a conventional manner.

20.   The improvements of the '285 Patent and the features recited in the claims of the '285 Patent provide improvements to conventional hardware and software systems and methods. The improvements render the claimed invention of the '285 Patent non-generic in view of

conventional components.

21.     The improvements of the '285 Patent and the features recited in the claims of the
'285 Patent would not be well-understood, routine or conventional to one of ordinary skill in the
art at the time of the invention.

22.     Upon information and belief, Defendant has infringed and continues to infringe
one or more claims, including at least Claim 13, of the '285 Patent by making, using (at least by
having its employees, or someone under Defendant's control, test the System), importing, selling,
and/or offering for sale a website with associated hardware and software embodied, for example,
in its store locator system (the "System") covered by at least Claim 13 of the '285 Patent.  The
System is used, for example, in connection with Defendant's website at
https://solsticesunglasses.com/apps/store-locator.   Defendant has infringed and continues to
infringe the '285 patent either directly or through acts of contributory infringement or
inducement in violation of 35 U.S.C. § 271.

23.     The System includes the mobile website and associated hardware.  These tools
provide a route planner mobile application. This application provides for remote entry of location
information, such as destination into a positional information device such as, for example, a
computer or smart phone in which users can find stores. The website automatically loads
available routes onto the positional information device based on the user's location. Certain
aspects of this element are illustrated in the screenshot(s) below and/or in those provided in
connection with other allegations herein.





Source: https://solsticesunglasses.com/apps/store-locator

      24.    The System includes one or more servers that receive a request for an address such as destination (i.e., an address of a location not stored within the positional device, such as a smartphone).  The server determines the address of the destination (i.e., address of the at least one location) and transmits the determined address to the positional information device.  The user can see (on the positional information device) a visual indication of the destination in a map. Certain aspects of this element are illustrated in the screenshot(s) below and/or in those provided in connection with other allegations herein.



Source: https://solsticesunglasses.com/apps/store-locator

25.    The server(s) determine the address(es) and transmits the determined address to the positional information device (e.g., smartphone).  For example, the server(s) transmits to the positional information device a visual indication of the location on a map.  Certain aspects of this element are illustrated in the screenshot(s) below and/or in those provided in connection with other allegations herein.



Source: https://solsticesunglasses.com/apps/store-locator

26.     The Product includes a locational information module for determining the location information of the positional information device.  For example, the system installed on the smartphone (i.e., positional information device) is able to utilize the GPS location (i.e., location information module) to determine the location of the smartphone (i.e., positional information device). Certain aspects of this element are illustrated in the screenshot(s) below and/or in those provided in connection with other allegations herein.



Source: https://solsticesunglasses.com/apps/store-locator

27.     The user's device (i.e., position information device) on which the application is installed, uses the cellular network communication transceiver (i.e., communication module) through which the smartphone (i.e., the positional information device) receives the address of the destination (i.e., location address). Certain aspects of this element are illustrated in the screenshot(s) below and/or in those provided in connection with other allegations herein.



Source: https://solsticesunglasses.com/apps/store-locator



Source: https://solsticesunglasses.com/apps/store-locator

28.     The System includes a processing module (e.g., mapping software and the mobile website), which receives the determined address(es) from the communication module.  The processing module determines route guidance based on the location of the positional information device and the determined address(es). Certain aspects of this element are illustrated in the screenshot(s) below and/or in those provided in connection with other allegations herein.



Source: https://solsticesunglasses.com/apps/store-locator



Source: https://solsticesunglasses.com/apps/store-locator

     29.     The System includes a display module (e.g., screen on the positional information device) for displaying the route guidance. Certain aspects of this element are illustrated in the screenshot(s) provided in connection with other allegations herein.



Source: https://solsticesunglasses.com/apps/store-locator

30.    The System includes a communications network (e.g., cellular network and/or Internet) for coupling the positional information device to the server(s). Certain aspects of this element are illustrated in the screenshot(s) below and/or in those provided in connection with other allegations herein.



Source: https://solsticesunglasses.com/apps/store-locator

31.     The server(s) receives a time and date (e.g., the time and date of the request for a location) associated with the requested location and transmits the associated time and date with the determined address (i.e., destination) by the help of maps (i.e., communication module) to the positional information device (i.e., smartphone) and the positional information device displays the determined address at the associated time and date. Certain aspects of this element are illustrated in the screenshot(s) below and/or in those provided in connection with other allegations herein.



```
window.BOOMR = window.BOOMR || {};
window.BOOMR.snippetStart = new Date().getTime();
window.BOOMR.snippetExecuted = true;
window.BOOMR.snippetVersion = 12;
window.BOOMR.application = "storefront-renderer";
```

Source: https://solsticesunglasses.com/apps/store-locator
Source: https://solsticesunglasses.com/apps/store-locator (inspect page)

32.    Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

33.    Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

34.    Plaintiff is in compliance with 35 U.S.C. § 287.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a)    Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b)    Enter an Order enjoining Defendant, its agents, officers, servants, employees,

attorneys, and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent No. 7,917,285 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

(c)    Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(d)    Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e)    Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: August 12, 2021.                    Respectfully submitted,


                                           */s/ Jay Johnson*
                                           **JAY JOHNSON**
                                           State Bar No. 24067322
                                           **D. BRADLEY KIZZIA**
                                           State Bar No. 11547550
                                           **KIZZIA JOHNSON, PLLC**
                                           1910 Pacific Ave., Suite 13000
                                           Dallas, Texas 75201
                                           (214) 451-0164
                                           Fax: (214) 451-0165
                                           jay@kjpllc.com
                                           bkizzia@kjpllc.com


                                           **ATTORNEYS FOR PLAINTIFF**